IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

LAUNA RENEE PIGUE,

     Plaintiff,

v.                                                                                                No. 1:25-cv-01207-JDB-jay

GIBSON COUNTY SHERIFF'S DEPARTMENT;
HUNTER LONG, *Deputy*;
JEREMY PIERCE, *Sergeant*;
JOE WESTMORELAND, *Lieutenant*;
MAIGON SHANKLIN*, Lieutenant*;
ALEX MARTIN, *Deputy*;
FRED SADLER, *Deputy*;
JOE FOUNTAIN, *Detective*;
ALAN ALEXANDER, *Detective*;
JUVENILE COURT OF GIBSON COUNTY;
JOHN AND JANE DOES AT JUVENILE COURT OF GIBSON COUNTY;
MARK JOHNSON, *Judge*;
CHILDREN SERVICES IN TRENTON, TN; and
JOHN AND JANE DOES AT CHILDREN SERVICES IN TRENTON, TN.

     Defendants.

REPORT AND RECOMMENDATION

On August 25, 2025, Plaintiff Launa Renee Pigue, proceeding *pro se*, filed a lawsuit against

the above-named parties.  (Docket Entry ["D.E."] 1).  The Court is required to conduct a screening

of this action because Pigue sought and received *in forma pauperis* status. *See* 28 U.S.C. §

1915(e)(2)(B). (D.E. 2, 6). This case has been referred to the undersigned United States Magistrate

Judge for management of all pretrial matters and for determination and/or report and

recommendation as appropriate. Admin. Order 2013-05.

1

I.

In her Amended Complaint, Pigue alleges: On August 11, 2025, her minor son, E.W., attended a court proceeding with a friend of his to provide moral support. (D.E. 7 at 2). A Gibson County Juvenile Court secretary recognized E.W. from a previous court case in which he was involved and tried to question E.W. (*Id*). Pigue states that E.W.'s case was closed at the time, and the secretary tried to question E.W. without a summons or court order. (*Id*). E.W. walked out of the courtroom. (*Id*). Gibson County Juvenile Court Judge Mark Johnson was notified and told Deputy Long to take E.W. into custody. (*Id*).

Pigue contends that when Deputy Long took E.W. into his custody, he was aggressive, yelled and cursed at Pigue, and that he used excessive force while apprehending E.W. (*Id*. at 2–3). Pigue alleges that she was not told why E.W. was arrested but states that she was told that E.W. stole a phone when he was leaving the courtroom. (*Id*. at 3). When E.W. arrived at the courthouse after being arrested, an officer slammed E.W. to the ground as he was removing him from the back of a patrol car and other officers watched. (*Id*).

E.W. was charged with disorderly conduct and was placed into foster care. (*Id*). According to Pigue, E.W. sustained a cut on his right leg and did not receive any medical attention. (*Id*). Pigue alleges that she suffered pain and severe emotional distress as a result of these events. (*Id*).

In terms of relief, Pigue asks this Court to restore her custodial rights as E.W.'s parent, order E.W.'s immediate release from the Tennessee Department of Children's Services ("DCS"), and $30,000.00 in compensatory damages for her pain, suffering, and emotional distress. (*Id*. at 4).

Pigue submits two documents as exhibits to her Amended Complaint. First, Pigue's "Motion to Intervene as Non-Custodial Parent" filed on September 10, 2025, in the Juvenile Court

of Gibson County, Tennessee (D.E. 7-1), and, second, Pigue's Affidavit that also appears to have been filed on September 10, 2025, in the Juvenile Court of Gibson County, Tennessee (D.E. 7–2).

II.

### A.  28 U.S.C. § 1915 Screening

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* This Report and Recommendation constitutes the Court's screening.

### B.  Standard of Review for Failure to State a Claim

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Id.* at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does

3

not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

C. Analysis

Section 1983 creates a cause of action against any person who, acting under color of state law, deprives a person of a right secured by the Constitution. *Hux v. Williams*, 751 F. Supp. 3d 885, 891 (E.D. Tenn. 2024) (citations omitted). "Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001) (citation omitted). "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Burley v. Gagacki*, 729 F.3d 610, 619 (6th Cir. 2013) (citation omitted).

Here, Pigue has failed to plead any actionable claims under § 1983 and her Amended Complaint should be dismissed. First, Defendant Gibson County Juvenile Court Judge Mark Johnson should be dismissed because he is entitled to absolute immunity from suit. Next, the Gibson County Juvenile Court and the Gibson County Sheriff's Department are entities that are not subject to suit. The claims alleged against the DCS should also be dismissed because the State of Tennessee has sovereign immunity from Pigue's suit as provided by the Eleventh Amendment. Next, Pigue fails to state a claim of excessive force against Defendant Deputy Hunter Long. The remaining individually named defendants should also be dismissed because Pigue offers no factual allegations of wrongdoing against them. Finally, the "John and Jane Doe" defendants should be dismissed without prejudice.

### 1. *Judge Mark Johnson is Entitled to Absolute Immunity.*

It is well established that judicial officers are generally entitled to absolute immunity from suits arising out of the performance of their judicial functions. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). They are accorded this broad protection, in part, to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Brookings*, 389 F.3d at 617; *Barnes*, 105 F.3d at 1116. A judge will not be deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (holding that merely acting in excess of authority does not preclude immunity).

Looking to Pigue's Amended Complaint and supporting documents, there are no factual allegations that Judge Johnson took any actions against her at all and, therefore, Pigue has failed to state a claim against Judge Johnson upon which relief may be granted. If Pigue had intended to assert a claim against Judge Johnson on behalf of E.W., Judge Johnson would nonetheless be entitled to absolute immunity. The extent of Pigue's allegations against Judge Johnson is that he ordered Deputy Long to arrest E.W. (*See* D.E. 7 at 2). "It is well-settled . . . that the issuance of an arrest warrant is a judicial act for judicial immunity purposes." *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999). There are no allegations that anything "clearly deprived" Judge Johnson "of subject matter jurisdiction to issue" an arrest warrant. *Norfleet v. Renner*, 924 F.3d

317, 320 (6th Cir. 2019). Judge Johnson is thus entitled to absolute immunity from Pigue's claims brought against him. *Brookings*, 389 F.3d at 617.

### 2. The Gibson County Sheriff's Department and the Gibson County Juvenile Court are Not Suable Entities.

Pigue names the Gibson County Sheriff's Department and the Gibson County Juvenile Court as Defendants. The Juvenile Court of Gibson County, Tennessee, is a state court, and the Sixth Circuit has held that a state court is not a "person" subject to suit under § 1983. *Russell v. Juv. Ct. of Kingsport*, No. 2:15-CV-13-JRG-DHI, 2015 WL 3506523, at *2 (E.D. Tenn. June 3, 2015) (citing *Mumford v. Basinski,* 105 F.3d 264, 267 (6th Cir. 1997)). Because the Gibson County Juvenile Court is not subject to suit, it should be dismissed as a defendant.

Likewise, Pigue's claims against the Gibson County Sheriff's Department fail because a police or sheriff's department "is not a suable entity under Tennessee law." *Boyd v. City of Millington*, No. 15-cv-2642-SHL-cgc, 2015 WL 13080882, at *1 (W.D. Tenn. Dec. 9, 2015). The Sixth Circuit has held "that '[s]ince the [p]olice [d]epartment is not an entity which may be sued, [the] [c]ounty is the proper party to address the allegations of [the plaintiff's] complaint.'" *Kindle v. City of Jeffersontown*, 374 Fed. App'x. 562, 570 (6th Cir. 2010) (quoting *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)); *see also Jones v. Union Cty.*,  296 F.3d 417, 421 (6th Cir. 2002) (explaining that the plaintiff, who conceded in her response to the defendants' motion for summary judgment that a Tennessee county "[s]heriff's [d]epartment could not be sued," did not appeal the district court's "ruling that [the] [p]laintiff's 42 U.S.C. § 1983 claim against the [s]heriff's [d]epartment was dismissed because under *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994), a county sheriff's department could not be sued").

At the district court level, "Tennessee federal courts have routinely held that police departments cannot be sued." *Moore v. Henderson Cty. Sheriff's Dep't*, No. 13-1243, 2014 WL

6

1745017, at *13 (W.D. Tenn. Apr. 30, 2014) (collecting cases) (granting the "[d]efendants' motion for summary judgment on all claims against the [city] [p]olice [d]epartment" because "the [c]ity . . . and not the [p]olice [d]epartment, is 'the proper party to address the allegations of [the] complaint'" (quoting *Matthew v. Jones*, 35 F.3d at 1049)); *see Grace v. City of Ripley*, No. 2:16-cv-02395-JPM-dkv, 2017 WL 835206, at *5, n.2 (W.D. Tenn. Mar. 2, 2017) ("Since the Sixth Circuit's decision in *Matthews*, district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit."). "Under Tennessee law, a police department is not an entity separate from a municipality that is capable of being sued." *Boyd*, 2015 WL 13080882, at *2 (citation omitted) (ruling that "as a mere municipal department with no legal identity separate from that of the [c]ity . . . [its] [p]olice [d]epartment [was] not a proper defendant"). For this reason, it is recommended that Pigue's claims against the Gibson County Sheriff's Department be dismissed.

### 3. Claims Against the Department of Children's Services Are Barred by Sovereign Immunity.

"The Eleventh Amendment to the United States Constitution bars suits by private individuals against nonconsenting states in federal court, unless Congress has validly abrogated the state's immunity, or the state has waived its immunity." *Henderson v. Sw. Tenn. Cmty. Coll.*, 282 F. Supp. 2d 804, 806 (W.D. Tenn. 2003) (footnote omitted). It is well established that Congress did not intend to abrogate Eleventh Amendment immunity for suits under 42 U.S.C. § 1983. *See Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (collecting cases). Nor has Tennessee consented to suit under Section 1983, either "expressly or by implication." *Berndt*, 796 F.2d at 881; Tenn. Code. Ann. § 20-13-102(a). An entity that is an "arm of the state," rather than a "political subdivision" (like a city), is treated as an extension of the state and can

7

therefore invoke the defense of sovereign immunity. *Mt. Health City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). So, too, can a state official who is sued in her official capacity, because such a suit "is not a suit against the official but rather is a suit against the official's office" and therefore "no different from a suit against the State itself." *Will*, 491 U.S. at 71 (internal citations omitted); *see also Brandon v. Holt*, 469 U.S. 464, 471–72 (1985) (explaining that, typically, a "judgment against a public servant 'in [her] official capacity' imposes liability on the entity that [she] represents . . ."). Thus, neither a State, nor a state official sued in her official capacity for damages, is a "person" subject to suit under § 1983. 42 U.S.C. § 1983 ("Every *person* who, under color of" law, violates another's federal rights, "shall be liable to the party injured in an action at law . . .") (emphasis added); *Will*, 491 U.S. at 64, 71.

DCS is an agency of the State of Tennessee, *see Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (finding that "the Tennessee Department of Children's Services" is "the State" for purposes of the sovereign immunity analysis); therefore, any claims against DCS and its employees in their official capacities for monetary damages are claims against the State and are barred by the Eleventh Amendment. Accordingly, Pigue's claims under § 1983 for monetary damages against the DCS are barred by the Eleventh Amendment.

One exception to Eleventh Amendment immunity is *Ex parte Young*, 209 U.S. 123 (1908). "Under *Ex parte Young*, 'suits against state officials seeking equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment.'" *Morgan*, 63 F.4th at 515 (quoting *Mich. Bell Tel. Co. v. Climax Tel. Co.*, 202 F.3d 862, 867 (6th Cir. 2000)). The *Ex parte Young* exception "applies only when the plaintiff sues for 'prospective [injunctive] relief to end a *continuing* violation of federal law.'" *Id.* (citing *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013) (emphasis added)). It does not apply to past acts, and the complaint must clearly

8

state the allegedly ongoing violations. *Id.* (quoting *Boler*, 865 F.3d at 412 and *Gean*, 330 F.3d at 776).

While the doctrine established in *Ex parte Young* would allow a suit for prospective injunctive relief for a continuing violation of federal law against a DCS official in his or her official capacity, 209 U.S. at 159–60, no such relief is sought in the Amended Complaint, which only names the agency as defendant and does not attribute misconduct to any named agency official. Even if Pigue could by further amendment name a DCS official in his or her official capacity as defendant in place of DCS, the Court should decline to exercise jurisdiction as a matter of federal-state comity. This is because "to the extent [she] seeks a declaration that the state's child-custody determination was unlawful, an injunction for the minor children's release, and monetary damages arising from the child-custody decision, these claims 'constitute collateral attacks on the state court judgments terminating [her] parental rights and [are] properly excluded from consideration by the [district] court.'" *Sefa v. Kentucky*, 510 F. App'x 435, 437–38 (6th Cir. 2013) (quoting *Stephens v. Hayes*, 374 F. App'x 620, 623 (6th Cir. 2010)).

In *Stephens*, which involved the allegedly unconstitutional termination of parental rights, the Sixth Circuit stated:

> Under the principles of comity and deference to state expertise in the field of domestic relations, it has been our consistent policy to refuse to exercise jurisdiction over claims which seek to collaterally attack a state court judgment terminating parental rights. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." Consequently, we decline to exercise jurisdiction over [p]laintiffs' claims in which the tort action is a mere pretense and the suit is actually concerned with child custody issues.

374 F. App'x at 623 (internal citations omitted). Sixth Circuit precedent thus establishes that constitutional tort actions which amount to collateral attacks on state court domestic relations

9

decisions (as this case clearly does) should not be entertained, even if they are brought against a defendant who is not otherwise immune from suit.

Because Eleventh Amendment sovereign immunity bars Pigue's suit against DCS, the Court should dismiss the claims she brought against DCS without prejudice for lack of jurisdiction. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (citing *Ernst*, 427 F.3d at 367) ("Dismissals for lack of jurisdiction based on Eleventh Amendment immunity should be made without prejudice.").

### 4. *Pigue Fails to State a Claim Against Deputy Hunter Long.*

In her Amended Complaint, Pigue alleges that Deputy Hunter Long was "aggressive." "yell[ed] and cuss[ed]" at her, and used "excessive force" while arresting E.W. (D.E. 7 at 2-3). A law enforcement officer's use of coarse or inappropriate language does not constitute excessive force. *Johnson v. City of Ecorse*, 137 F. Supp. 2d 886, 892 (E.D. Mich. 2001). Therefore, Pigue fails to state a claim of excessive force against Deputy Long for his alleged verbal statements to her during the course of E.W.'s arrest.

Pigue asserts an additional basis for an excessive force claim. She alleges that when E.W. arrived at the courthouse after being arrested, an officer slammed E.W. to the ground as he was removing him from the back of a patrol car while other officers watched. Such a claim would be E.W.'s claim and not Pigue's. While 28 U.S.C. § 1654 permits individual parties to "plead and conduct their own cases personally" without an attorney, this provision does not authorize a non-attorney to bring suit on behalf of a third person. *See Coleman v. Indymac Venture, LLC*, 966 F. Supp. 2d 759, 767 (W.D. Tenn. 2013) (adopting report & recommendation) ("The federal courts have long held that Section 1654 preserves a party's right to proceed *pro se*, but only on his own claims; only a licensed attorney may represent other persons.").

10

Thus, while a parent may technically bring suit on behalf of a minor child, he or she may not do so *pro se*—that is, the parent can only bring suit on behalf of the minor child through an attorney. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[P]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."). Pigue may not bring claims on behalf of E.W., her minor child, unless E.W. is represented by an attorney. Because E.W. is not at this time represented by an attorney, the claim Pigue may have sought to bring on his behalf should be dismissed without prejudice.

> 5. *Pigue Has Failed to Allege Any Facts Against Defendants Pierce, Westmoreland, Shanklin, Martin, Sadler, Fountain, or Alexander.*

Pigue names numerous individuals as defendants in this action but does not include any factual allegations against them in her Amended Complaint. "It is a basic pleading requirement that a plaintiff must attribute factual allegations to particular defendants . . . [W]hen a person is named as a defendant without an allegation of specific misconduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints." *Vinson v. Fair*, No. 24-12003, 2024 WL 4437633, at *2 (E.D. Mich. Oct. 7, 2024) (citing *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004)). Here, Pigue fails to plead any facts whatsoever, let alone any alleged specific misconduct, against Defendants Pierce, Westmoreland, Shanklin, Martin, Sadler, Fountain, and Alexander. As such, these defendants should be dismissed.

> 6. *Unnamed "John and Jane Doe" Defendants.*

Where a plaintiff is temporarily unable to ascertain a defendant's actual name, the plaintiff may file a complaint that names the unknown defendant as "John Doe." "However, simply identifying an unknown defendant in the complaint by the pseudonym of John Doe . . . is not enough to commence a civil action against that unknown defendant." *Smith v. City of Chattanooga*,

No. 1:08-cv-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) (citing *Bufalino v. Michigan Bell Tel. Co.,* 404 F.2d 1023, 1028 (6th Cir. 1968)). "Courts routinely dismiss claims against John Doe defendants without prejudice when the plaintiff fails to identify" them. *Swallen v. Springfield Township Police Dep't*, No. 5:25-CV-2039, 2026 WL 1258268, at *4 (N.D. Ohio May 7, 2026). Because Pigue has not identified the John and Jane Doe defendants, and it is recommended that the Court dismiss all of her other claims, the John and Jane Doe defendants should be dismissed without prejudice.

III.

For these reasons, the Court should dismiss Plaintiff Launa Renee Pigue's Amended Complaint in its entirety for failure to state a claim upon which relief may be granted. Any claims Pigue may have attempted to assert on behalf of her minor child E.W., and the claims alleged against the John and Jane Doe defendants should be dismissed without prejudice. All remaining claims should be dismissed with prejudice.

Respectfully submitted, this the 28th day of May, 2026.

s/Jon A. York
United States Magistrate Judge

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**